IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTINO M. ALMOGELA and
MARIA E. ALMOGELA

        Plaintiffs

v.

BAYER CORPORATION,
BAYER, A.G., SMITHKLINE
BEECHAM CORPORATION d/b/a
GLAXOSMITHKLINE, GLAXO-
SMITHKLINE, PLC formerly SMITHKLINE
BEECHAM PHARMACEUTICALS CO. and/or
GLAXO WELLCOME INC.

        Defendants

(*Pending transfer to:*
*In re: Baycol Products Litigation,*
MDL No. 1431 (D. Minn.))

Civil Action No. JFM 03-514

## ANSWER OF DEFENDANT BAYER CORPORATION

Defendant Bayer Corporation ("Bayer"), for its Answer to Plaintiffs' Civil Complaint ("Complaint"), states as follows:

In response to the Paragraphs labeled "Jurisdiction" Bayer states as follows:

1.    The allegations in Paragraph 1 state legal conclusions to which no response is required. To the extent that a response is required, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, except that Bayer denies that the Plaintiffs are entitled to any relief.

2.    The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent that a response is required, Bayer admits that it is an Indiana corporation, and that, at all times relevant to this action, Bayer conducted business in Maryland, including in

Baltimore. Bayer admits that Bayer AG is a German corporation, but denies that Bayer AG conducts or conducted business in Baltimore, Maryland. Bayer admits, on information and belief, that GlaxoSmithKline plc is an English public limited company and SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a Pennsylvania corporation. Because of the vagueness and ambiguity of the remaining allegations in Paragraph 2, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Bayer denies that Plaintiffs are entitled to any relief.

In response to the Paragraphs labeled "Parties," Bayer states as follows:

3. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Bayer admits that it is an Indiana corporation, that Bayer is a wholly owned subsidiary of Bayer AG, that Bayer's headquarters and principal place of business are located at 100 Bayer Road, Pittsburgh, Pennsylvania, and that, at all times relevant to this action, Bayer did business in Maryland. Bayer further admits that, prior to August 8, 2001, Bayer tested, distributed, marketed, promoted and sold Baycol®, a prescription medication also known as cerivastatin sodium, in the United States, including Maryland. Bayer denies that it designed, manufactured and/or warranted Baycol®, and denies the allegations in the fourth sentence in Paragraph 4. Because of the vagueness and ambiguity of the remaining allegations in Paragraph 4, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

5. Bayer admits that Bayer AG is a diversified corporation with its headquarters and principal place of business in Leverkusen, Germany, that, prior to August 8, 2001, Bayer AG

designed, tested, manufactured and sold cerivastatin sodium, and that, prior to August 8, 2001, cerivastatin sodium was sold in certain countries outside the United States under the name of Lipobay®. Because of the vagueness and ambiguity of the remaining allegations in the third sentence in Paragraph 5, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations. Bayer denies the remaining allegations in Paragraph 5.

6. Bayer denies the allegations in Paragraph 6.

7. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences in Paragraph 7. Bayer denies the remaining allegations in Paragraph 7.

8. Bayer admits, on information and belief, that SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a Pennsylvania corporation with its principal place of business in Pennsylvania. Bayer admits that in 1997, Bayer entered into an agreement with SmithKline Beecham Corporation regarding Baycol®, and that, prior to August 8, 2001, SmithKline Beecham Corporation d/b/a GlaxoSmithKline participated in the promotion of Baycol® in the United States. Bayer denies the remaining allegations in the third sentence in Paragraph 8, except that Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the relationship between GlaxoSmithKline and SmithKline Beecham Corporation. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Bayer admits, on information and belief, that GlaxoSmithKline plc is an English public limited company. Bayer denies, on information and belief, the allegations in the second

sentence in Paragraph 9. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11. Bayer further states that, to the extent that the Complaint contains allegations that are directed to Bayer AG by the use of the term "Defendants," the purported defined term "Bayer Defendants" or otherwise, no answer is required by Bayer. Bayer therefore makes no response in this Answer to allegations that are directed to Bayer AG.

In response to the Paragraphs labeled "General Facts and Allegations" Bayer states as follows:

12.  Bayer admits that, prior to August 8, 2001, Bayer tested, labeled, packaged, distributed, supplied, marketed, sold, promoted, advertised, and warned about Baycol® in the United States, that, prior to August 8, 2001, Bayer AG developed, manufactured, designed, tested and sold cerivastatin sodium, and that, prior to August 8, 2001, SmithKline Beecham Corporation d/b/a GlaxoSmithKline participated in the promotion of Baycol® in the United States. Bayer denies that it developed, manufactured and/or designed Baycol®. Because of the vagueness and ambiguity of the remaining allegations in Paragraph 12, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

13.  Bayer admits that Baycol® is one of several drug products generally included within the class of drug products known as statins, which block the activity of an enzyme that is

involved in the production of cholesterol in the liver. Bayer further admits that Baycol® was intended to be used to lower elevated plasma levels of total and low-density lipoprotein cholesterol and triglycerides, and to increase plasma levels of high-density lipoprotein cholesterol, in patients, according to prescribing information and under the care of a physician or other health care provider. Because of the vagueness and ambiguity of the remaining allegations in Paragraph 13, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

14. Because of the vagueness and ambiguity of the allegations in Paragraph 14, Bayer is without knowledge or information sufficient to form a belief as to the truth of such allegations.

15. Bayer admits that in June 1997, the United States Food and Drug Administration ("FDA") approved Bayer's application to market Baycol® in the 0.2 and 0.3 mg doses in the United States. Bayer further admits that in May 1999, the FDA approved Bayer's application to market the 0.4 mg dose of Baycol® in the United States, and that in July 2000, the FDA approved Bayer's application to market the 0.8 mg dose of Baycol® in the United States. Bayer denies the remaining allegations in Paragraph 15.

16. Paragraph 16 purports to describe certain clinical studies and/or trials relating to Baycol®. The results of such clinical studies and/or trials relating to Baycol® are in writing and speak for themselves. To the extent that Plaintiffs' allegations regarding the content of these documents are inconsistent with the actual language of the documents, Bayer denies those allegations. Bayer denies the remaining allegations in Paragraph 16.

17. Bayer admits that there is a medical need and demand for effective drugs, like Baycol®, that control cholesterol. Bayer further admits that it has been estimated that, prior to

August 8, 2001, more than 700,000 persons took Baycol® in the United States. Because Plaintiffs fail to identify the report referred to in the second sentence of Paragraph 17, Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that sentence. Bayer denies the remaining allegations in Paragraph 17.

18. Bayer denies the allegations in Paragraph 18.

19. Bayer admits that Paragraph 19 purports to describe and quote from an October 25, 1999 letter from Michael A. Misocky of the FDA's Division of Drug Marketing, Advertising and Communications to Bayer and certain written materials referred to in that letter. Those documents, being in writing, speak for themselves. To the extent that Plaintiffs' allegations regarding the content of those documents are inconsistent with the actual language of the documents, Bayer denies those allegations. Bayer denies the remaining allegations in Paragraph 19.

20. Because of the vagueness and ambiguity of the allegations in the first and second sentences in Paragraph 20, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations. Bayer denies the remaining allegations in Paragraph 20.

21. Bayer admits that in 1998, it learned of a report that associated a patient's death with rhabdomyolysis and cerivastatin sodium. Bayer further admits that rhabdomyolysis is a condition that results from the breakdown of muscle cells and the release of contents of muscle cells into the bloodstream, and that in severe cases of rhabdomyolysis involving persons susceptible to renal injury, myoglobin can occlude the kidneys and cause kidney failure. Because of the vagueness and ambiguity of the remaining allegations in Paragraph 21, Bayer is without knowledge or information sufficient to form a belief as to the truth of such allegations.

22.     Bayer admits that there have been reports of over 52 deaths worldwide reportedly associated with the use of cerivastatin sodium, and that Bayer is aware of other reports of rhabdomyolysis reportedly associated with the use of cerivastatin sodium. Because the remaining allegations in the second sentence in Paragraph 22 are vague and ambiguous, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations. Bayer denies the remaining allegations in Paragraph 22.

23.     Because of the vagueness and ambiguity of the allegations in Paragraph 23, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Bayer admits that the symptoms of rhabdomyolysis may include muscle pain, tenderness and weakness, that in severe cases involving persons susceptible to renal injury, rhabdomyolysis may involve renal injury and/or failure, and that renal failure can be fatal.

24.     Bayer denies the allegations in Paragraph 24 as stated. Because Plaintiffs fail to identify the studies referred to in the second and third sentences in Paragraph 24, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in those sentences. Bayer denies the remaining allegations in Paragraph 24.

25.     Bayer denies the allegations in Paragraph 25.

26.     Bayer admits that it received adverse event reports regarding Baycol® from doctors and the FDA. Bayer denies the remaining allegations in Paragraph 26.

27.     Bayer admits that reports have associated the concurrent use of Baycol® and gemfibrozil and that Bayer voluntarily withdrew Baycol® from the market on August 8, 2001. The allegations in the second and third sentences in Paragraph 27 describe labeling for Baycol® and the "Dear Health Care Professional" letter issued by Bayer in May 2001. The labeling for

Baycol® and the "Dear Health Care Professional" letter are in writing and speak for themselves. To the extent that Plaintiffs' allegations regarding the content of those documents are inconsistent with the actual language of the documents, Bayer denies those allegations. Bayer denies the remaining allegations in Paragraph 27.

28.   Bayer denies the allegations in Paragraph 28.

29.   Bayer denies the allegations in Paragraph 29.

30.   Bayer denies the allegations in Paragraph 30.

31.   Bayer admits that, on August 8, 2001, Bayer voluntarily withdrew Baycol® from the market in the United States. Bayer further admits that Paragraph 31 purports to describe Bayer's August 8, 2001 statement regarding that voluntary withdrawal and to quote portions of a letter dated August 8, 2001 from E. Paul MacCarthy, M.D., Vice President of Bayer, addressed to healthcare professionals. That statement and letter, being in writing, speak for themselves. To the extent that Plaintiffs' allegations regarding the contents of those documents are inconsistent with the actual language of those documents, Bayer denies those allegations. Bayer denies the remaining allegations in Paragraph 31.

32.   Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.   Bayer admits that all statins, including Baycol®, have been associated with reports of rhabdomyolysis and that the symptoms of rhabdomyolysis may include muscle pain. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 regarding what patients were told or not told. Because of the vagueness and ambiguity of the remaining allegations in the fourth and fifth sentences in

Paragraph 33, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Bayer denies any allegation that Bayer failed to provide appropriate warnings and information regarding Baycol®. Bayer denies the remaining allegations in Paragraph 33.

34. Bayer denies the allegations in Paragraph 34.

35. Bayer denies the allegations in Paragraph 35.

36. Bayer denies the allegations in Paragraph 36.

37. Bayer denies the allegations in Paragraph 37.

In response to the Paragraph labeled "Specific Allegations Regarding Plaintiffs" Bayer states as follows:

38. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 38. Bayer denies the remaining allegations in Paragraph 38.

### COUNT ONE

In response to the Paragraphs labeled "Count One—Strict Product Liability" Bayer states as follows:

39. In response to the allegations in Paragraph 39, Bayer incorporates herein all of Bayer's responses to Paragraphs 1 through 38 of the Complaint.

40. Bayer denies the allegations in Paragraph 40.

41. Bayer admits that, prior to August 8, 2001, Bayer tested, marketed, advertised, supplied, distributed, promoted and sold Baycol® in the United States, that, prior to August 8, 2001, Bayer AG designed, tested, manufactured and sold cerivastatin sodium, and that, prior to

August 8, 2001, SmithKline Beecham Corporation d/b/a GlaxoSmithKline participated in the promotion of Baycol® in the United States. Bayer denies that it designed and/or manufactured Baycol®. Because of the vagueness and ambiguity of the remaining allegations in Paragraph 41, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

42 (including subparts (a) through (h)). Bayer denies the allegations in Paragraph 42 (including subparts (a) through (h)).

43. Bayer denies the allegations in Paragraph 43.

44 (including subparts (a) through (l) and (A) through (H)). Bayer denies the allegations in Paragraph 44 (including subparts (a) through (l) and (A) through (H)).

### COUNT TWO

In response to the Paragraphs labeled "Count Two—Negligence" Bayer states as follows:

45. In response to the allegations in Paragraph 45, Bayer incorporates herein all of Bayer's responses to Paragraphs 1 through 44 of the Complaint.

46. The allegations in Paragraph 46 state legal conclusions to which no response is required. To the extent that a response is required, Bayer denies that it violated any duty relating to Baycol® or the design, testing, manufacturing, advertising, marketing, labeling, packaging, distribution, promotion and/or sale of Baycol®. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, including the allegation that Bayer had any duties to Plaintiffs.

47. Bayer denies the allegations in Paragraph 47.

48 (including subparts (a) through (h)). Bayer denies the allegations in Paragraph 48 (including subparts (a) through (h)).

49. Bayer denies the allegations in Paragraph 49.

50 (including subparts (a) through (l) and (A) through (H)). Bayer denies the allegations of Paragraph 50 (including subparts (a) through (l) and (A) through (H))

## COUNT THREE

In response to the Paragraphs labeled "Count Three—Breach of Implied Warranty" Bayer states as follows:

51. In response to the allegations in Paragraph 51, Bayer incorporates herein all of Bayer's responses to Paragraphs 1 through 50 of the Complaint.

52. The allegations in Paragraph 52 state legal conclusions to which no response is required. To the extent that a response is required, Bayer admits that Baycol® was intended to be used to lower elevated plasma levels of total and low-density lipoprotein cholesterol and triglycerides, and to increase plasma levels of high-density lipoprotein cholesterol, in patients, and that, prior to August 8, 2001, Bayer marketed, sold and distributed Baycol® in the United States as safe and fit for such use, according to prescribing information and under the care of a physician or other health care provider. Bayer denies the remaining allegations in Paragraph 52.

53. Bayer denies the allegations in Paragraph 53.

54. Bayer denies the allegations in Paragraph 54.

55 (including subparts (A) through (G)). Bayer denies the allegations in Paragraph 55 (including subparts (A) through (G)).

## COUNT FOUR

In response to the Paragraphs labeled "Count Four—Loss of Consortium" Bayer states as follows:

56. Bayer is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 56.

57 (including subparts (A) through (C)). Bayer denies the allegations in Paragraph 57 (including subparts (A) through (C)).

## GENERAL DENIAL

Bayer denies all allegations and/or legal conclusions set forth in the Complaint that relate or are directed to Bayer that have not previously been specifically admitted, denied, or explained.

## ADDITIONAL DEFENSES

1. Plaintiffs' Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted against Bayer.

2. Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations and/or statutes of repose.

3. Plaintiffs' claims against Bayer are barred, in whole or in part, by laches, waiver and/or estoppel.

4. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate alleged damages.

5. If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were directly and proximately caused by the negligence or fault of parties other than Bayer, whether named or unnamed in Plaintiffs'

Complaint, over whom Bayer had no supervision or control and for whose actions and omissions Bayer has no legal responsibility. Plaintiffs' recovery, if any, therefore should be apportioned in accordance with the applicable law.

6. The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer was not the proximate and/or competent producing cause of such alleged injuries and damages.

7. If Plaintiffs suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiffs. Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiffs' assumption of the risk.

8. Baycol® is a prescription pharmaceutical which was available only upon the prescription of a licensed physician, and persons other than Bayer, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediary between Bayer and Plaintiff. The claims in the Complaint against Bayer accordingly are barred in whole or in part by the learned intermediary doctrine.

9. Plaintiffs' recovery is barred and/or should be reduced under the applicable law because of Plaintiffs' contributory negligence and/or contributory fault.

10. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Bayer in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of the prescription drug Baycol®, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art, and the product was designed,

manufactured, marketed and sold in a reasonable and prudent manner based upon available medical and scientific knowledge.

11. Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comment k.

12. The prescription drug Baycol® complied with the applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.

13. Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the federal regulation of prescription drug manufacturing, testing, marketing, and labeling.

14. If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of the prescription drug Baycol®.

15. Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

16. The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer.

17. Plaintiffs' Complaint fails to state a claim against Bayer upon which relief can be granted for several or joint and several liability.

18. Plaintiffs' Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

19. Plaintiffs' Complaint fails to state a claim against Bayer upon which relief can be granted as to costs, interest, restitution, attorneys' fees and alter-ego liability.

20. Plaintiffs' claims are barred in whole or in part because the commercial speech relating to Baycol® was not false or misleading and is protected under the First Amendment of the United States Constitution and the applicable state constitution.

21. Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

22. Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

23. This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

24. Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

25. Plaintiffs did not detrimentally rely on any labeling, warnings or information concerning Baycol®.

26. Plaintiffs' alleged injuries and damages, if any, were the result of an idiosyncratic reaction which Bayer could not reasonably foresee.

27. Plaintiffs' claims for breach of warranty are barred because Plaintiffs failed to give timely notice of any alleged breach of warranty.

28. Bayer did not sell or distribute the prescription drug Baycol® directly to Plaintiffs, and Plaintiffs did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiffs' claims are barred by lack of privity between Plaintiffs and Bayer.

29. Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable provisions of the Maryland Uniform Commercial Code.

30  Plaintiffs' purported allegations of fraud, misrepresentation, concealment, deception and omission do not comply with Rule 9(b) of the Federal Rules of Civil Procedure.

31. Plaintiffs' Complaint fails to state a claim for fraud, misrepresentation, concealment, deception and/or omission.

32. Plaintiffs' Complaint fails to state a claim against Bayer upon which relief can be granted for punitive or exemplary damages.

33. Plaintiffs' claims for punitive or exemplary damages are barred under the applicable state and federal law. Permitting recovery of punitive or exemplary damages in this case would contravene Bayer's constitutional rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and other provisions of the United States Constitution and the applicable state constitution.

34. Because of the lack of clear standards, the imposition of punitive or exemplary damages against Bayer would be unconstitutionally vague and/or overbroad.

35. With respect to Plaintiffs' demand for punitive or exemplary damages, Bayer specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under the applicable state law.

36. No act or omission of Bayer was characterized by evil motive, intent to injure, ill will, fraud, heinousness or actual malice, or done with conscious or deliberate disregard of any threat to the safety of the consumer; no act or omission of Bayer was with wanton or reckless disregard for human life and such an entire want of care as to establish that its actions were a result of fraud, evil motive, actual malice, and the conscious and deliberate disregard of foreseeable harm to the Plaintiffs; and Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages. Plaintiffs' Complaint seeks damages in excess of those permitted by law. Bayer asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

37. Any award of punitive or exemplary damages against Bayer is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 134 L. Ed. 2d 809, 116 S. Ct. 1589 (1996*), and State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (Apr. 7, 2003).

38. Plaintiffs' claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

39. Plaintiffs' claims for injunctive or other equitable relief are barred as moot in whole or in part because the alleged injury ceased when Plaintiff stopped taking Baycol®.

40. Venue may be improper.

41. This Court may not be the proper forum and may not be a convenient forum for the just adjudication of Plaintiffs' claims.

42. Bayer states that the Plaintiffs' claims for recovery are limited pursuant to Maryland Code Annotated, Courts and Judicial Proceedings Article § 11-108, et seq., and other applicable statutory and common law limitations of awards, caps on recovery and set-offs.

43. Bayer adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer's defenses pleaded in this Answer.

44. Bayer reserves the right to amend its answer and separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.

## JURY TRIAL DEMAND

Bayer demands a trial by jury of all issues so triable in this action.

**WHEREFORE**, defendant Bayer Corporation requests that this Court dismiss with prejudice the Complaint, that judgment be entered in favor of Bayer and against Plaintiffs, and that Bayer be awarded the costs of this action, together with such other and further relief as may be appropriate.

Respectfully submitted,

_____/s/_____
Charles P. Goodell, Jr. (Trial Bar No. 03081)
Thomas J. Cullen, Jr. (Trial Bar No. 04572)
M. Brian Thompson (Trial Bar No. 24697)
Goodell, DeVries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD  21202
(410) 783-4000
**Attorneys for Bayer Corporation**

OF COUNSEL:

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
Andrew Goldman
Bartlit Beck Herman Palenchar & Scott
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Telephone:  312-494-4000
Facsimile:  312-494-4440

Sara J. Gourley
Susan A. Weber
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Telephone:  312-853-7000
Facsimile:  312-853-7036

Richard K. Dandrea
Michael R. Borasky
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:  412-566-6099

Douglas R. Marvin
William R. Murray, Jr.
Allen P. Waxman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901
Telephone: 202-434-5000
Facsimile: 202-434-5029

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 21st day of May, 2003, a copy of the foregoing Answer of Defendant Bayer Corporation was served by electronic submission via CM/CEF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, to:

Patricia J. Kasputys, Esq.
Mary V. McNamara-Koch, Esq.
Law Offices of Peter G. Angelos, P.C.
100 N. Charles Street, 20th Floor
Baltimore, MD 21202
**Counsel for Plaintiff**

Kathleen D. Leslie, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Counsel for Defendant GlaxoSmithKline**

/s/
M. Brian Thompson

482092